# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

| | |
|---|---|
| ANTHONY N. LOLLI,<br><br>           Plaintiff,<br><br>         v.<br><br>1) EXPERIAN INFORMATION<br>    SOLUTIONS, INC. dba EXPERIAN;<br>2) JONES DAY;<br>3) JOSEPH NATHANIEL PARSONS<br>    aka JOSEPH N. PARSONS;<br>4) STEPHEN J. BROGAN;<br>5) BRETT P. BARRAGATE;<br>6) LEE F. DEJULIUS, JR.;<br>7) ANTHONY M. INSOGNA;<br>8) CHRISTOPHER M. KELLY;<br>9) HEATHER LENNOX;<br>10) TRACI L. LOVITT;<br>11) CHRISTOPHER LOVRIEN;<br>12) GREGORY M. SHUMAKER; and<br>13) MICHAEL R. SHUMAKER;<br><br>           Defendants. | Index No.<br><br>Date Index No. Purchased:<br><br>**SUMMONS**<br><br><br>The basis of venue is NY CPLR § 503(a) based on Defendant Experian Information Solutions, Inc.'s residence in Albany County, New York. |

To the above-named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is NY CPLR § 503(a) based on Defendant Experian Information Solutions, Inc.'s residence in Albany County, New York.

1

## ADDITIONAL NOTICE TO CLERK REGARDING VENUE IN ALBANY COUNTY, NY:

Defendant Experian Information Solutions, Inc. dba Experian ("Experian") is a foreign corporation authorized to conduct business in New York. Experian is deemed to reside in the county where its principal office is located. NY CPLR § 503(c) ("Corporation. A domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located; except that such a corporation, if a railroad or other common carrier, shall also be deemed a resident of the county where the cause of action arose."). A foreign corporation's principal office, for venue purposes, is the county listed in either its application for authority to conduct business in New York or a subsequent amendment. *DeMichael v. Jaeger*, 70 AD3d 759, 894 NYS2d 508 (2d Dept 2010); *Collins v. Trigen Energy Corp.*, 210 AD2d 283, 620 NYS2d 9 (2d Dept 1994). Experian listed Albany County in its application for authority to conduct business in New York or a subsequent amendment; thus, Defendant's principal office, for venue purposes is in Albany County, New York. That office in Albany County is deemed to be Defendant's principal place of business even if Defendant's actual place of business is in another county. *Shetty v. Volvo Cars of North America, LLC*, 38 AD3d 202, 830 NYS2d 554 (1st Dept 2007); *Job v. Subaru Leasing Corp.*, 30 AD3d 159, 817 NYS2d 9 (1st Dept 2006); *Nadle v. L.O. Realty Corp.*, 286 AD2d 130, 735 NYS2d 1 (1st Dept 2001); *Cintas Corp. v. Ralph Pontiac-Honda*, 256 AD2d 1094, 684 NYS2d 808 (4th Dept 1998); *see General Precision Corp. v. Ametek Inc.*, 45 Misc2d 451, 257 NYS2d 120 (Sup Ct Westchester Co 1965), *aff'd*, 24 AD2d 757, 263 NYS2d 470 (2d Dept 1965) (motion to change venue to place designated in application granted). Therefore, venue is proper in Albany County, New York pursuant to the provisions of NY CPLR § 503(c).

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 4 of 42

Dated: New York, New York
      February 21, 2024

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

|  |  |
|---|---|
| ANTHONY N. LOLLI,<br><br>         Plaintiff,<br><br>      v.<br><br>a. EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN;<br>b. JONES DAY;<br>c. JOSEPH NATHANIEL PARSONS aka JOSEPH N. PARSONS;<br>d. STEPHEN J. BROGAN;<br>e. BRETT P. BARRAGATE;<br>f. LEE F. DEJULIUS, JR.;<br>g. ANTHONY M. INSOGNA;<br>h. CHRISTOPHER M. KELLY;<br>i. HEATHER LENNOX;<br>j. TRACI L. LOVITT;<br>k. CHRISTOPHER LOVRIEN;<br>l. GREGORY M. SHUMAKER; and<br>m. MICHAEL R. SHUMAKER;<br><br>         Defendants. | Index No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND**<br><br>**For:**<br><br> **I.**  **Injunctive Relief**<br><br> **II.**  **Declaratory Judgment**<br><br> **III.**  **Negligence**<br><br> **IV.**  **Negligence Per Se**<br><br> **V.**  **Vicarious Liability**<br><br> **VI.**  **Negligent Hiring**<br><br> **VII.**  **Negligent Supervision/Retention** |

## I. <u>INTRODUCTION</u>

1. This civil action is regarding Defendant JOSEPH NATHANIEL PARSONS aka JOSEPH N. PARSONS ("Mr. Parsons"), an employee of Defendant EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN ("Experian"), a consumer reporting agency, who knowingly and willfully provided information concerning Plaintiff ANTHONY N. LOLLI ("Plaintiff" or "Mr. Lolli"), an individual, from Experian's files to person(s) not authorized to receive that information on January 22, 2024. Mr. Parsons is also an employee of Defendant JONES DAY ("Jones Day"), a law firm, and STEPHEN J. BROGAN ("Mr. Brogan"), BRETT P. BARRAGATE ("Mr. Barragate"), LEE F. DEJULIUS, JR. ("Mr. Dejulius"), ANTHONY M. INSOGNA ("Mr. Insogna"), CHRISTOPHER M. KELLY ("Mr. Kelly"), HEATHER

LENNOX ("Ms. Lennox"), TRACI L. LOVITT ("Ms. Lovitt"), CHRISTOPHER LOVRIEN ("Mr. Lovrien"), GREGORY M. SHUMAKER ("Mr. G. Shumaker"), and MICHAEL R. SHUMAKER ("Mr. M. Shumaker") (collectively herein Mr. Parsons' or the "Law Partners"). Mr. Parsons is liable to Mr. Lolli under negligence and negligence per se for his unlawful disclosure of Experian's file information to person(s) not authorized to receive that information on January 22, 2024. Experian, Jones Day, and the Law Partners are vicariously jointly and severally liable to Mr. Lolli for Mr. Parson's conduct and, further, are liable to Plaintiff for their negligent hiring and negligent supervision and/or retention of Mr. Parsons. As an actual controversy has arisen between the Parties, this civil action is also a declaratory action to determine the rights, duties, and/or legal status between each of the Parties in this action.

## II. THE PARTIES

### A. Plaintiff

#### *Plaintiff ANTHONY N. LOLLI ("Plaintiff")*

2. Plaintiff ANTHONY N. LOLLI ("Plaintiff' or "Mr. Lolli") is an individual.

3. Mr. Lolli is a natural person.

4. Mr. Lolli is a "consumer" as defined under NY GBL § 380-A(b).

5. Mr. Lolli is a "consumer" as defined under 15 U.S.C. § 1681a(c).

6. Mr. Lolli is an avid real estate investor, guru, and media celebrity for over twenty-five (25) years.

7. Mr. Lolli was born into an immigrant family and from humble beginnings.

8. Mr. Lolli worked tirelessly and became a multi-millionaire at the age of twenty-three (23).

9. In 2012, with his cash flow behind him, Mr. Lolli began Lolli Brands Entertainment.

10. In 2012, Mr. Lolli decided to start Lolli Brands Entertainment and become serious about funding projects.

11. Mr. Lolli's creative journey since then spans across acting, producing, and directing, with an impressive repertoire of films under his belt.

12. Notably, Mr. Lolli had the privilege of collaborating with renowned filmmaker Spike Lee on a notable project.

13. While Mr. Lolli's earlier endeavors showcased his versatility as a filmmaker, Mr. Lolli has shifted his focus to crafting compelling documentary content.

14. Mr. Lolli's documentary works have garnered critical acclaim, earning multiple prestigious awards and recognition within the industry.

15. With a steadfast commitment to his craft, Mr. Lolli continues to leave an indelible mark on the world of entertainment through his compelling storytelling and exceptional filmmaking prowess.

16. Mr. Lolli began with investing in films for people like Spike Lee, and music videos for the likes of 50 Cent, Tupac, and many more notable artists.

17. When deciding to finally do something about his weight, Mr. Lolli documented the entire process, knowing the ins and outs of the entertainment industry he knew it would be a hit.

18. After filming the documentary and packaging everything up nicely, Mr. Lolli embarked on a rigorous marketing campaign, creating social media profiles, trailers, posters, going to events, red carpets and hosting viewing parties in his own private cinema.

19. The campaign was a success and Mr. Lolli documentary was watched on Amazon Prime over ninety (90) million times and translated into over fifty (50) languages.

20. Using the knowledge he has gained from years of successful businesses and great marketing campaigns, he, along with Mr. Lolli's wife Tereza, set out to make more documentaries with a twist.

### B. Defendants

***Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian")***

21. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign limited liability company.

22. Experian's date of initial filing with the New York Department of State was 10/18/1996.

23. Experian's effective date initial filing with the New York Department of State was 10/18/1996.

24. Experian's foreign formation date was 02/18/1992.

25. Experian's County listed on its New York Department application or registration is ALBANY.

26. Experian's Jurisdiction listed on its New York Department application or registration is OHIO, UNITED STATES.

27. Experian's New York Department of State ID is 2076147.

28. Experian's Entity Status with the New York Department of State is ACTIVE.

29. Experian's Statement Status with the New York Department of State is CURRENT.

30. Experian's Next Statement Due Date with the New York Department of State is 10/31/2024.

31. Experian for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

32. Experian is a "consumer reporting agency" as defined under 15 U.S.C. § 1681(f).

33. Experian regular engages in the practice of assembling or evaluating and maintaining, for the purpose of furnishing consumer credit reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, public record information and credit account information regularly and in the ordinary course of business.

34. Experian is a "consumer credit reporting agency" as defined under NY GBL § 380-A(k).

35. As per the New York Department of State, the post office address to which the Secretary of State shall mail a copy of any process against Experian served upon the Secretary of State by personal delivery is: EXPERIAN INFORMATION SOLUTIONS, INC, 475 ANTON BOULEVARD, COSTA MESA, CA, UNITED STATES, 92626.

36. As per the New York Department of State, Experian's chief executive officer's name and address is: JENNIFER SCHULZ, 475 ANTON BOULEVARD, COSTA MESA, CA, UNITED STATES, 92626.

37. As per the New York Department of State, Experian's principal executive office address is: 475 ANTON BOULEVARD, COSTA MESA, CA, UNITED STATES, 92626.

38. As per the New York Department of State, Experian's registered agent's name and address is: C T CORPORATION SYSTEM, 28 LIBERTY ST., NEW YORK, NY 10005.

39. Experian is a foreign corporation authorized to conduct business in New York.

40. Experian is deemed to reside in the county where its principal office is located. NY CPLR § 503(c) ("Corporation. A domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located; except that such a corporation, if a railroad or other common carrier, shall also be deemed a resident of the county where the cause of action arose.").

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 10 of 42

41. A foreign corporation's principal office, for venue purposes, is the county listed in either its application for authority to conduct business in New York or a subsequent amendment. *DeMichael v. Jaeger*, 70 AD3d 759, 894 NYS2d 508 (2d Dept 2010); *Collins v. Trigen Energy Corp.*, 210 AD2d 283, 620 NYS2d 9 (2d Dept 1994).

42. Experian listed Albany County in its application for authority to conduct business in New York or a subsequent amendment; thus, Defendant's principal office, for venue purposes is in Albany County, New York.

43. That office in Albany County is deemed to be Defendant's principal place of business even if Defendant's actual place of business is in another county. *Shetty v. Volvo Cars of North America, LLC*, 38 AD3d 202, 830 NYS2d 554 (1st Dept 2007); *Job v. Subaru Leasing Corp.*, 30 AD3d 159, 817 NYS2d 9 (1st Dept 2006); *Nadle v. L.O. Realty Corp.*, 286 AD2d 130, 735 NYS2d 1 (1st Dept 2001); *Cintas Corp. v. Ralph Pontiac-Honda*, 256 AD2d 1094, 684 NYS2d 808 (4th Dept 1998); *see General Precision Corp. v. Ametek Inc.*, 45 Misc2d 451, 257 NYS2d 120 (Sup Ct Westchester Co 1965), *aff'd*, 24 AD2d 757, 263 NYS2d 470 (2d Dept 1965) (motion to change venue to place designated in application granted).

44. Venue is proper in Albany County, New York.

45. Venue is proper in Albany County, New York pursuant to the provisions of NY CPLR § 503(c).

### Defendant JONES DAY ("Jones Day")

46. Defendant JONES DAY ("Jones Day") is an Ohio general partnership.

47. Jones Day's registered agent's name and address is: JONES DAY, 901 LAKESIDE AVENUE, CLEVELAND, OH 44114.

48. Upon information and belief, Jones Day is an American multinational law firm based in Washington, D.C.

Case 1:24-cv-00358-AMN-ML    Document 1-1    Filed 03/14/24    Page 11 of 42

49. Upon information and belief, as of 2023, Jones Day is one of the largest law firms in the United States with 2,302 attorneys, and among the highest grossing in the world with revenues of $2.5 billion.

50. Upon information and belief, originally headquartered in Cleveland, Ohio, Jones Day ranks first in both M&A league tables and the 2017 U.S. Law Firm Brand Index.

51. Upon information and belief, Jones Day has represented over half of the companies in the Fortune 500, including Goldman Sachs, General Motors, McDonald's, and Bridgestone.

52. Upon information and belief, Jones Day has also represented former President Donald Trump.

53. Upon information and belief, many attorneys from Jones Day have served as federal officials or judges, including United States Supreme Court Justice Antonin Scalia, former White House Counsel Donald McGahn and former Solicitor General Noel Francisco.

54. Upon information and belief, Jones Day was founded as Blandin & Rice in 1893 by two partners, Edwin J. Blandin and William Lowe Rice ("Mr. Rice"), in Cleveland, Ohio.

55. Upon information and belief, Frank Ginn joined the firm in 1899, and it changed its name to Blandin, Rice & Ginn.

56. Upon information and belief, Mr. Rice was murdered in August 1910.

57. Upon information and belief, in 1912, Thomas H. Hogsett joined the firm as partner, and it became Blandin, Hogsett & Ginn that year, and Tolles, Hogsett, Ginn & Morley a year later after the retirement of Judge Blandin and the addition of partners Sheldon H. Tolles and John C. Morley ("Mr. Morley").

58. Upon information and belief, after Mr. Morley retired, in 1928, the firm adopted the name Tolles, Hogsett & Ginn.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 12 of 42

59. Upon information and belief, in its early years, Jones Day was known for representing major industries in the Cleveland area, including Standard Oil and several railroad and utility companies.

60. Upon information and belief, in November 1938, then managing partner Thomas Jones led the merger of Tolles, Hogsett & Ginn with litigation-focused firm Day, Young, Veach & LeFever to create Jones, Day, Cockley & Reavis. The merger was effective January 1, 1939.

61. Upon information and belief, Jones Day's Washington, D.C., office was opened in 1946, becoming the firm's first office outside Ohio.

62. Upon information and belief, in 1967, the firm merged with D.C. firm Pogue & Neal to become Jones, Day, Reavis & Pogue.

63. Upon information and belief, the international expansion of Jones Day began in 1986 when the firm merged with boutique law firm Surrey & Morse, a firm of 75 attorneys with international offices in New York City, Paris, London, and Washington, D.C.

64. Upon information and belief, in the following years, Jones Day expanded to Hong Kong, Brussels, Tokyo, Taipei, and Frankfurt.

65. Upon information and belief, as of 2018, Jones Day was the fifth largest law firm in the U.S. and the 13th highest grossing law firm in the world.

66. Jones Day is currently headquartered in Washington, D.C.

67. Upon information and belief, Jones Day hired Mr. Parsons.

68. Upon information and belief, Jones Day employs Mr. Parsons.

69. At all times herein, Jones Day employed Mr. Parsons.

70. Upon information and belief, Jones Day is responsible or vicariously liable for conduct of Mr. Parsons.

### *Defendant JOSEPH NATHANIEL PARSONS aka JOSEPH N. PARSONS ("Mr. Parsons")*

71. Defendant JOSEPH NATHANIEL PARSONS aka JOSEPH N. PARSONS ("Mr. Parsons") is

an individual.

72. Mr. Parsons is a natural person.

73. Mr. Parsons is an attorney licensed to practice law.

74. Upon information and belief, the following is a true and correct photograph of Mr. Parsons:



75. Upon information and belief, Mr. Parsons is licensed to practice law in the State of

Pennsylvania.

76. Upon information and belief, Mr. Parsons has been licensed to practice law since on or about

1/9/2014.

77. Upon information and belief, Mr. Parsons is also known as "Joe" as indicated on his profile on

a Jones Day website.

78. Upon information and belief, however, Mr. Parsons seeks and has received *pro hac vice*

admission to practice before one or more federal courts in the State of New York.

79. Upon information and belief, regularly conducts business in the State of New York via his

employment assisting other attorneys at Jones Day or Experian litigate cases in New York.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 14 of 42

80. Upon information and belief, Mr. Parsons is admitted to practice in the U.S. District Courts for the Western District of Pennsylvania and Eastern District of Wisconsin, and U.S. Courts of Appeals for the Third and Fourth Circuits.

81. Upon information and belief, Mr. Parsons was selected by *The Best Lawyers in America* as "One to Watch" for commercial litigation (2021-2024).

82. Upon information and belief, Mr. Parsons was a law clerk to the Honorable Mark R. Hornak, U.S. District Court for the Western District of Pennsylvania (2013-2014).

83. Upon information and belief, Mr. Parsons defends clients against high-profile collective liability, class action, and unfair competition litigation.

84. Upon information and belief, Mr. Parsons has extensive experience in crafting, developing, and executing complex case strategy from discovery to dispositive motions to trial, including across jurisdictions and with joint defense groups.

85. Upon information and belief, Mr. Parsons has developed particular experience in defending product manufacturers against nationwide public nuisance litigation.

86. Upon information and belief, Mr. Parsons also leads the defense of significant individual and putative class action matters against a major credit reporting agency.

87. Upon information and belief, Mr. Parsons defends clients in cases seeking injunctive relief relating to allegations of trade secret misappropriation, tortious interference, violation of noncompetition and nondisclosure agreements, and other related business torts.

88. Upon information and belief, Mr. Parsons was also a key member of a defense team that obtained denial of class certification in a first-of-its-kind Lanham Act indirect competitor putative class action lawsuit brought against a major bottling company.

13

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 15 of 42

89. Upon information and belief, Mr. Parsons devotes significant time and effort to pro bono matters and the Pittsburgh community.

90. Upon information and belief, as part of the Firm's Border Project, Mr. Parsons is representing a client with a claim for asylum.

91. Upon information and belief, Mr. Parsons serves as program coordinator for the United States District Court for the Western District of Pennsylvania's Pro Se Pro Bono Mediation Program and sits on the Allegheny County Bar Association's Federal Courts Section Council.

92. Upon information and belief, Mr. Parsons is also co-president of Pittsburgh International Classic Theatre and president of the American Constitution Society's Pittsburgh Lawyer Chapter.

93. Upon information and belief, Mr. Parsons is employed by Jones Day.

94. Upon information and belief, Mr. Parsons is employed by his Law Partners.

95. Upon information and belief, Mr. Parsons is a partner at Jones Day.

96. Upon information and belief, Mr. Parsons is employed by Experian as outside counsel.

97. Upon information and belief, Mr. Parsons is employed by Experian via Experian's retainer agreement with Jones Day, who serves as outside counsel to Experian for litigation purposes.

98. Upon information and belief, Mr. Parsons is employed by Experian via Experian's retainer agreement with Jones Day, who serves as national counsel to Experian for litigation purposes.

### Defendant STEPHEN J. BROGAN ("Mr. Brogan")

99. Defendant STEPHEN J. BROGAN ("Mr. Brogan") is an individual.

100.  Mr. Brogan is a natural person.

101.  Mr. Brogan is an attorney licensed to practice law.

102.  Upon information and belief, Mr. Brogan is employed by Jones Day.

14

103.  Upon information and belief, Mr. Brogan is employed by the Law Partners.

104.  Upon information and belief, Mr. Brogan is a partner at Jones Day.

105.  Upon information and belief, Mr. Brogan served as managing partner of Jones day from 2002 through 2022.

106.  Upon information and belief, Mr. Brogan employs Mr. Parsons.

107.  Upon information and belief, Mr. Brogan is responsible or liable for conduct of Mr. Parsons.

108.  Upon information and belief, Mr. Brogan has a broad and extensive practice in complex litigation matters, including securities, banking, contests for corporate control, corporate investigations, product liability, independent counsel investigations, and qui tam actions.

### Defendant BRETT P. BARRAGATE ("Mr. Barragate")

109.  Defendant BRETT P. BARRAGATE ("Mr. Barragate") is an individual.

110.  Mr. Barragate is a natural person.

111.  Mr. Barragate is an attorney licensed to practice law.

112.  Upon information and belief, Mr. Barragate is employed by Jones Day.

113.  Upon information and belief, Mr. Barragate is employed by the Law Partners.

114.  Upon information and belief, Mr. Barragate is a partner at Jones Day.

115.  Upon information and belief, Mr. Barragate employs Mr. Parsons.

116.  Upon information and belief, at all times herein, Mr. Barragate employed Mr. Parsons.

117.  Upon information and belief, Mr. Barragate is responsible or vicariously liable for conduct of Mr. Parsons.

118.  Upon information and belief, Mr. Barragate is chair of the Americas region of Jones Day's Financial Markets Practice.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 17 of 42

### *Defendant LEE F. DEJULIUS, JR. ("Mr. Dejulius")*

119.    Defendant LEE F. DEJULIUS, JR. ("Mr. Dejulius") is an individual.

120.    Mr. Dejulius is a natural person.

121.    Mr. Dejulius is an attorney licensed to practice law.

122.    Upon information and belief, Mr. Dejulius is employed by Jones Day.

123.    Upon information and belief, Mr. Dejulius is employed by the Law Partners.

124.    Upon information and belief, Mr. Dejulius is a partner at Jones Day.

125.    Upon information and belief, Mr. Dejulius employs Mr. Parsons.

126.    Upon information and belief, at all times herein, Mr. Dejulius employed Mr. Parsons.

127.    Upon information and belief, Mr. Dejulius is responsible or liable for conduct of Mr. Parsons.

128.    Upon information and belief, Mr. Dejulius is Partner-in-Charge of Jones Day's New York Office.

### *Defendant ANTHONY M. INSOGNA ("Mr. Insogna")*

129.    Defendant ANTHONY M. INSOGNA ("Mr. Insogna") is an individual.

130.    Mr. Insogna is a natural person.

131.    Mr. Insogna is an attorney licensed to practice law.

132.    Upon information and belief, Mr. Insogna is employed by Jones Day.

133.    Upon information and belief, Mr. Insogna is employed by the Law Partners.

134.    Upon information and belief, Mr. Insogna is a partner at Jones Day.

135.    Upon information and belief, Mr. Insogna employs Mr. Parsons.

136.    Upon information and belief, at all times herein, Mr. Insogna employed Mr. Parsons.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 18 of 42

137.   Upon information and belief, Mr. Insogna is responsible or vicariously liable for conduct of Mr. Parsons.

138.   Upon information and belief, Mr. Insogna founded Jones Day's San Diego, California office in 2004.

### Defendant CHRISTOPHER M. KELLY ("Mr. Kelly")

139.   Defendant CHRISTOPHER M. KELLY ("Mr. Kelly") is an individual.

140.   Mr. Kelly is a natural person.

141.   Mr. Kelly is an attorney licensed to practice law.

142.   Upon information and belief, Mr. Kelly is employed by Jones Day.

143.   Upon information and belief, Mr. Kelly is employed by the Law Partners.

144.   Upon information and belief, Mr. Kelly is a partner at Jones Day.

145.   Upon information and belief, Mr. Kelly employs Mr. Parsons.

146.   Upon information and belief, at all times herein, Mr. Kelly employed Mr. Parsons.

147.   Upon information and belief, Mr. Kelly is responsible or liable for conduct of Mr. Parsons.

148.   Upon information and belief, Mr. Kelly is a corporate lawyer with more than 30 years of experience.

### Defendant HEATHER LENNOX ("Ms. Lennox")

149.   Defendant HEATHER LENNOX ("Ms. Lennox") is an individual.

150.   Ms. Lennox is a natural person.

151.   Ms. Lennox is an attorney licensed to practice law.

152.   Upon information and belief, Ms. Lennox is employed by Jones Day.

153.   Upon information and belief, at all times herein, Ms. Lennox employed Mr. Parsons.

154.   Upon information and belief, Ms. Lennox is employed by the Law Partners.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 19 of 42

155. Upon information and belief, Ms. Lennox is a partner at Jones Day.

156. Upon information and belief, Ms. Lennox employs Mr. Parsons.

157. Upon information and belief, Ms. Lennox is responsible or vicariously liable for conduct of Mr. Parsons.

158. Upon information and belief, Ms. Lennox is Jones Day's practice leader in the business restructuring & reorganization practice area.

### Defendant TRACI L. LOVITT ("Ms. Lovitt")

159. Defendant TRACI L. LOVITT ("Ms. Lovitt") is an individual.

160. Ms. Lovitt is a natural person.

161. Ms. Lovitt is an attorney licensed to practice law.

162. Upon information and belief, Ms. Lovitt is employed by Jones Day.

163. Upon information and belief, Ms. Lovitt is employed by the Law Partners.

164. Upon information and belief, Ms. Lovitt is a partner at Jones Day.

165. Upon information and belief, Ms. Lovitt employs Mr. Parsons.

166. Upon information and belief, at all times herein, Ms. Lovitt employed Mr. Parsons.

167. Upon information and belief, Ms. Lovitt is responsible or vicariously liable for conduct of Mr. Parsons.

168. Upon information and belief, Ms. Lovitt heads Jones Day's nationally recognized Issues & Appeals Practice.

### Defendant CHRISTOPHER LOVRIEN ("Mr. Lovrien")

169. Defendant CHRISTOPHER LOVRIEN ("Mr. Lovrien") is an individual.

170.  Mr. Lovrien is a natural person.

171. Mr. Lovrien is an attorney licensed to practice law.

18

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 20 of 42

172.    Upon information and belief, Mr. Lovrien is employed by Jones Day.

173.    Upon information and belief, Mr. Lovrien is employed by the Law Partners.

174.    Upon information and belief, Mr. Lovrien is a partner at Jones Day.

175.    Upon information and belief, Mr. Lovrien employs Mr. Parsons.

176.    Upon information and belief, Mr. Lovrien is responsible or vicariously liable for conduct
of Mr. Parsons.

177.    Upon information and belief, Mr. Lovrien is also known as "Chris" Lovrien.

### Defendant GREGORY M. SHUMAKER ("Mr. G. Shumaker")

178.    Defendant GREGORY M. SHUMAKER ("Mr. G. Shumaker") is an individual.

179.    Mr. G. Shumaker is a natural person.

180.    Mr. G. Shumaker is an attorney licensed to practice law.

181.    Upon information and belief, Mr. G. Shumaker is employed by Jones Day.

182.    Upon information and belief, Mr. G. Shumaker is employed by the Law Partners.

183.    Upon information and belief, Mr. G. Shumaker is a partner at Jones Day.

184.    Upon information and belief, Mr. G. Shumaker employs Mr. Parsons.

185.    Upon information and belief, at all times herein, Mr. G. Shumaker employed Mr. Parsons.

186.    Upon information and belief, Mr. G. Shumaker is responsible or vicariously liable for
conduct of Mr. Parsons.

187.    Upon information and belief, in 2023, Mr. G. Shumaker became the Managing Partner of
Jones Day, only the eighth Managing Partner in Jones Day's 130-year history.

188.    Upon information and belief, Mr. G. Shumaker in his 35 years at Jones Day.

189.    Upon information and belief, Mr. G. Shumaker has helped lead some of Jones Day's
highest profile engagements.

### Defendant MICHAEL R. SHUMAKER ("Mr. M. Shumaker")

190.    Defendant MICHAEL R. SHUMAKER ("Mr. M. Shumaker") is an individual.

191.    Mr. M. Shumaker is a natural person.

192.    Mr. M. Shumaker is an attorney licensed to practice law.

193.    Upon information and belief, Mr. M. Shumaker is employed by Jones Day.

194.    Upon information and belief, Mr. M. Shumaker is employed by the Law Partners.

195.    Upon information and belief, Mr. M. Shumaker is a partner at Jones Day.

196.    Upon information and belief, Mr. M. Shumaker employs Mr. Parsons.

197.    Upon information and belief, at all times herein, Mr. M. Shumaker employed Mr. Parsons.

198.    Upon information and belief, Mr. M. Shumaker is responsible or vicariously liable for conduct of Mr. Parsons.

199.    Upon information and belief, Mr. M. Shumaker is Jones Days Administrative Partner with responsibility for Jones Day's administrative functions across all Jones Days offices worldwide.

200.    Upon information and belief, Mr. M. Shumaker has more than thirty (30) years of experience in commercial litigation.

### III.    ADDITIONAL FACTUAL ALLEGATIONS

201.    Mr. Lolli realleges the allegations contained in paragraphs # 1 through 200 above verbatim.

202.    On or about August 12, 2022, Mr. Lolli mailed Experian 32 dispute letters dated August 12, 2022, and copies of his New York driver's license (collectively hereinafter referred to as the "Dispute Letters").

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 22 of 42

203.   Mr. Lolli's Dispute Letters were mailed to Experian to 475 Anton Blvd., Costa Mesa, CA 92626 via United States Postal Service Priority Mail Tracking # 9510 8065 7021 2226 9705 63.

204.   Experian received Mr. Lolli's Dispute Letters on 8/17/22, at approximately 12:14 p.m. (Experian's local time zone), and signed for by an individual "M.S."

205.   Mr. Lolli in his Dispute Letters to Experian disputed consumer data line items as inaccurate and/or incomplete, including, the following: Synch/Care Credit; Comenity/Alphcos; Bank Of America; Barclays Bank Delaware; Cenlar Federal Savin; Navy Federal Cr Un; Capital One (x2); Syncb/Pc Richard; Syncb/Toysrus; MacYs/Cbna; Amex/Cbna; Mercedes Benz Financia; Td Auto Finance; Jpbcb Card; Bank Of America, N.A. (x3); Syncb/Jcp; Nationstar/Mr Cooper; Nationstar Mortgage Llc; Amex; Bloomingdales/Citibank; Sears/Cbna; Cap1/Saks (collectively the "Tradelines").

206.   Experian recorded and retained a copies of Mr. Lolli's Dispute Letters in the "file" it maintains concerning Mr. Lolli.

207.   "The term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." [Source: 15 U.S.C. § 1681a(g).]

208.   Any use of the word "file" anywhere in this lawsuit refers to the term as specifically defined under 15 U.S.C. § 1681a(g).

209.   After Experian's receipt of Mr. Lolli's Dispute Letters, Mr. Lolli's Dispute Letters became a part of Experian's "file" that it maintains concerning Mr. Lolli.

210.   Experian continues to maintain one or more of the Tradelines in Experian's "file" concerning Mr. Lolli that it has reason to know are inaccurate and/or incomplete, and have

published the Tradelines to third parties, including, but not limited to, potential and/or current creditors of Plaintiff.

211. Experian failed to reinvestigate the disputed Tradelines, record the current status of such information, and expunge/delete or modify the disputed Tradelines, as requested by Mr. Lolli.

212. Experian's conduct proximately caused Mr. Lolli out of pocket costs, attorney and court fees, emotional stress, loss of consortium, a decrease in credit/FICO score, loss of personal and business credit opportunities with potential creditors/lenders, and delays in purchasing a home.

213. Experian allegedly failed to maintain reasonable procedures designed to avoid the alleged unlawful conduct above.

214. As a result of the foregoing, on 02/03/2023, Mr. Lolli filed a lawsuit against Experian in the Supreme Court of the State of New York, County of Kings, Index No. 503753/2023, entitled: *ANTHONY N. LOLLI v. EXPERIAN INFORMATION SOLUTIONS, INC.*, alleging that Experian is liable to Mr. Lolli under NY GBL § 380-M, 15 U.S.C. § 1681n, and 15 U.S.C. § 1681o (referred to hereinafter as the "State Court Lawsuit").

215. On 02/28/2023, Experian filed a Notice of Removal and removed the State Court Lawsuit to the United States District Court for the Eastern District of New York (the "Federal Court"), Case No. 1:23-cv-01531-AMD-TAM (referred to hereinafter as the "Federal Court Lawsuit").

216. In the State Court Lawsuit, Mr. Lolli did give Experian written instructions to disclose any of its "file" concerning to any persons outside of the State Court Lawsuit.

217. In the Federal Court Lawsuit, Mr. Lolli did give Experian written instructions to disclose any of its "file" concerning to any persons outside of the Federal Court Lawsuit.

218. On January 22, 2024, during a privately-held remote deposition of Tereza Hakobyan in the case *Tereza Hakobyan v. Experian Information Solutions, Inc.*, Case No. 1:23-cv-01532-PKC-

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 24 of 42

PK, pending in the United States District Court for the Eastern District of New York, Mr. Parsons, in the course of his employment by Experian, knowingly and willingly provided and disclosed information in the form of one or more of Mr. Lolli's Dispute Letters from Experian's "file" for Mr. Lolli to one or more persons not authorized to receive the information.

219.    On January 22, 2024, during a privately-held remote deposition of Tereza Hakobyan in the case *Tereza Hakobyan v. Experian Information Solutions, Inc.*, Case No. 1:23-cv-01532-PKC-PK, pending in the United States District Court for the Eastern District of New York, Mr. Parsons, on behalf of and in Mr. Parsons' employment by Jones Day knowingly and willingly provided and disclosed information in the form of one or more of the Dispute Letters concerning Mr. Lolli from Experian's "file" for Mr. Lolli to one or more persons not authorized to receive the information.

220.    On January 22, 2024, Mr. Lolli learned of the above-referenced occurrence that took place on January 22, 2024, via his wife, Tereza Hakobyan, who was not privy to the information disclosed by Mr. Parsons to one or more persons not authorized to receive the information, including, Tereza Hakobyan.

221.    Mr. Parsons' above-listed actions were inappropriate and actionable under the law.

222.    Mr. Parsons' employer Experian is vicariously liable for Mr. Parsons' above-alleged conduct.

223.    Mr. Parsons' employer Jones Day is vicariously liable for Mr. Parsons' above-alleged conduct.

224.    It is apparent from Mr. Parsons' conduct in the Federal Court Lawsuit this is not new behavior by Mr. Parsons.

225.   Mr. Parsons being employed by Experian, a consumer reporting agency, had a statutory legal duty under 15 U.S.C. § 1681r to Mr. Lolli not to provide information concerning Mr. Lolli to one or more persons not authorized to receive that information.

226.   Mr. Parsons being employed by Experian, a consumer reporting agency, had a statutory legal duty under 15 U.S.C. § 1681b to Mr. Lolli not to provide information concerning Mr. Lolli to one or more persons not authorized to receive that information or when there is no permissible purpose under 15 U.S.C. § 1681b to do so.

227.   Mr. Parsons had a duty of care to Mr. Lolli not to provide information concerning Mr. Lolli to person not authorized to receive that information or when there is no permissible purpose to do so.

228.   Mr. Parsons breached his duty to Mr. Lolli by providing one or more Dispute Letters from Experian's "file" for Mr. Lolli that contained confidential personal information concerning Mr. Lolli from Experian to one or more persons not authorized to receive that information, including Tereza Hakobyan, *et al.*

229.   Mr. Parsons breached his duty to Mr. Lolli by providing one or more Dispute Letters from Experian's "file" for Mr. Lolli that contained confidential personal information concerning Mr. Lolli from Experian to one or more persons not authorized to receive that information, including a court reporter, videographer, or other persons in attendance of the deposition of Tereza Hakobyan on today, January 22, 2024, in a completely separate civil action entitled *Hakobyan v. Experian Informational Solutions, Inc.*; 1:23-cv-01532-PKC-PK.

230.   The information unlawfully disclosed by Mr. Parsons contained Mr. Lolli's date of birth, social security number, and disputed consumer data that was a part of Experian's "file" for Mr. Lolli.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 26 of 42

231.    Mr. Parsons' conduct proximately caused damages to Mr. Lolli, including, but not limited to, invasion of privacy, embarrassment, loss of consortium between him and his wife, *inter alia*.

232.    Mr. Parson's conduct hurt Mr. Lolli's reputation with his wife, Tereza Hakobyan.

233.    As of Monday, January 22, 2024, Mr. Lolli became very upset, hurt, damaged by what he learned transpired by Mr. Parsons' conduct alleged herein, during the deposition of Tereza Hakobyan conducted by Mr. Parsons', Experian's counsel in Tereza Hakobyan's separate case.

234.    The fact that Mr. Lolli's personal information was divulged by Mr. Parsons on January 22, 2024, in front of people and Mr. Lolli's wife, Tereza Hakobyan, who Mr. Lolli did not want others and her to know about Mr. Lolli's personal information, who Mr. Lolli hired to represent him, and what issues Mr. Lolli had on his consumer (credit) report.

235.    Mr. Lolli entrusted Experian and its employees, including Mr. Parsons, with his privacy and for Mr. Parsons, Experian's employee, to not knowingly and willfully provide or disclose information concerning Mr. Lolli in Experian's "file" for Mr. Lolli to one or more persons not authorized to receive that information has caused irreparable harm to Mr. Lolli.

236.    Mr. Lolli entrusted Jones Day and Mr. Parsons' Law Partners, and each of them, and their employees, including Mr. Parsons, with his privacy and for Mr. Parsons, Jones Day's and the Law Partners' employee, to not knowingly and willfully provide or disclose information concerning Mr. Lolli in Experian's "file" for Mr. Lolli to one or more persons not authorized to receive that information has caused irreparable harm to Mr. Lolli.

237.    Mr. Lolli wants to seek every legal option and remedy available to him to stop this from happening again and seek money damages for the stress, *inter alia*, that Mr. Parsons' conduct has caused Mr. Lolli so far, which is continuous and ongoing.

238.   Mr. Parsons' above-alleged conduct has put Mr. Lolli and his wife, Tereza Hakobyan, in a situation where their relationship, as it was, has been ruined by Mr. Parsons' alleged conduct herein due to the stress and by the fact that Mr. Lolli's wife, Tereza Hakobyan, now has information about Mr. Lolli that Mr. Lolli did not want his wife, Tereza Hakobyan, to know.

239.   In addition, when Mr. Lolli's wife, Tereza Hakobyan, was questioned by Mr. Parsons on January 22, 2024, during her deposition in the lawsuit wherein Mr. Lolli is not a party, Tereza Hakobyan told Mr. Parsons clearly that she knew nothing about Mr. Lolli's affairs and Mr. Lolli's personal affairs, including that she (Tereza Hakobyan) knew nothing about what Mr. Lolli owned,  that she (Tereza Hakobyan) knew nothing of the debts that Mr. Lolli had, that she (Tereza Hakobyan) knew nothing of the sale of any properties that Mr. Lolli owned in a trust or in Mr. Lolli's name, and that is the way the relationship has always been between Mr. Lolli and his wife, Tereza Hakobyan.

240.   Mr. Lolli finds the harm, injuries, and damages that he has sustained by Mr. Parsons' very difficult to quantify in full due to the ripple effects of what happened on January 22, 2024, due to Mr. Parsons' conduct that day of Mr. Parsons providing one or more Dispute Letters from Experian's "file" for Mr. Lolli that contained confidential personal information concerning Mr. Lolli from Experian to one or more persons not authorized to receive that information, which Mr. Lolli believes is a clear violation of his right to privacy.

241.   What transpired as alleged herein on January 22, 2024 on a video and audio recorded call with Mr. Parsons in front of third or foreign parties that did not involve Mr. Lolli's case or lawsuit, and was discussed by Mr. Parsons in front of third or foreign parties without Mr. Lolli's permission was injurious and damaging to Mr. Lolli and Mr. Lolli.

Case 1:24-cv-00358-AMN-ML    Document 1-1    Filed 03/14/24    Page 28 of 42

242. Accordingly, Mr. Lolli wants to pursue all of his legal rights and options to the fullest extent of the law.

243. Mr. Lolli seeks temporary, preliminary, and permanent injunctive against Mr. Parsons and monetary relief from Mr. Parsons and other persons liable for Mr. Parsons, including, but not limited to Experian, Jones Day, and Mr. Parsons' Law Partners, and each of them.

244. Mr. Parsons' law firm, Jones Day, where he is employed and is a partner, is vicariously liable for Mr. Parson's conduct alleged herein.

245. Experian employs Mr. Parsons and is variously liable for damages for Mr. Parson's conduct alleged herein.

246. Mr. Parsons denies that he is liable to Mr. Lolli for disclosing the one or more of the Dispute Letters as describe herein above.

247. Mr. Parsons stated his position is that Mr. Lolli produced a copy of one or more of the Dispute Letters in the Federal Court Lawsuit without designating any portion of it as confidential.

248. However, in litigation by a consumer, like Mr. Lolli, against a consumer reporting agency, like Experian, disclosure of "file" information by any party in discovery does not permit disclosure of any of the consumer's "file" information maintained by the consumer reporting agency by its employees, including attorneys, to a person not authorized to receive that "file" information.

249. Further, in litigation by a consumer, like Mr. Lolli, against a consumer reporting agency, like Experian, disclosure of "file" information by any party in discovery does create a permissible purpose under the law, including under 15 U.S.C. § 1681b, for Experian or its

27

employs to disclose or furnish any of the consumer's "file" information maintained by the consumer reporting agency to a person not authorized to receive that "file" information.

## IV.    FIRST CAUSE OF ACTION – Injunctive Relief

### (Against Mr. Parsons)

250.    Mr. Lolli realleges the allegations contained in paragraphs # 1 through 249 above verbatim.

251.    Mr. Parsons threatens, has, or is about to provide information concerning Mr. Lolli from Experian's file on Mr. Lolli to one or more persons not authorized to receive that information, which is an act in violation of Plaintiff's rights respecting this action and 15 U.S.C. § 1681r, and tending to render a judgment herein ineffectual if committed or continued during the pendency of the action.

252.    Mr. Lolli has a likelihood of ultimate success on the merits in this action against Mr. Parsons.

253.    Upon information and belief, the prospect of irreparable injury by Mr. Parsons against Mr. Lolli if inevitable or likely if the provisional relief sought by Mr. Lolli against Parsons is withheld.

254.    A balance of equities tip in Mr. Lolli's favor.

255.    Upon information and belief, Mr. Lolli will suffer irreparable harm by Mr. Parsons unless injunctive relief is not granted on a temporary, preliminary, and/or permanent basis.

## V.    SECOND CAUSE OF ACTION – Declaratory Judgment

### (Against Experian, Jones Day, Mr. Parsons, and Law Partners)

256.    Mr. Lolli realleges the allegations contained in paragraphs # 1 through 255 above verbatim.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 30 of 42

257. This Court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. *See* NY CPLR § 3001.

258. A bona fide justiciable and substantial controversy exists between Mr. Lolli and Experian, Jones Day, Mr. Parsons, and the Law Partners.

259. Said justiciable and substantial controversy that exists between Mr. Lolli and Experian, Jones Day, Mr. Parsons, and the Law Partners is between parties with adverse legal interests as to either present or prospective obligations.

260. A declaratory judgment would serve as a useful purpose in clarifying or settling the legal issues between Mr. Lolli and Experian, Jones Day, Mr. Parsons, and the Law Partners.

261. A declaratory judgment would finalize the controversy between Mr. Lolli and Experian, Jones Day, Mr. Parsons, and the Law Partners and offer relief from uncertainty.

## VI.     THIRD CAUSE OF ACTION – Negligence

### (Against Mr. Parsons)

262. Mr. Lolli realleges the allegations contained in paragraphs # 1 through 261 above verbatim.

263. Mr. Parsons owed a duty to Mr. Lolli to protect Mr. Lolli from the particular injuries and/or damages alleged to be suffered by Mr. Lolli herein.

264. Mr. Parsons owed a duty of care to Mr. Lolli to protect Mr. Lolli from the particular injuries and/or damages alleged to be suffered by Mr. Lolli herein.

265. Mr. Parsons owed an assumed duty of care to Mr. Lolli to protect Mr. Lolli from the particular injuries and/or damages alleged to be suffered by Mr. Lolli herein.

29

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 31 of 42

266.    Mr. Parsons owed a statutory duty under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., including 15 U.S.C. § 1681r, to Mr. Lolli to protect Mr. Lolli from the particular injuries and/or damages alleged to be suffered by Mr. Lolli herein.

267.    Mr. Parsons breached his aforementioned duty or duties to Mr. Lolli by his alleged conduct herein.

268.    Mr. Parsons' breach of his aforementioned duty or duties was the proximate cause of the herein alleged injuries or damages to Mr. Plaintiff.

269.    Mr. Lolli suffered injuries or damages caused by Mr. Parsons' breach of his aforementioned duty or duties.

270.    Mr. Parsons is liable to Mr. Lolli for negligence.

## VII.    FOURTH CAUSE OF ACTION – Negligence Per Se

### (Against Mr. Parsons)

271.    Mr. Lolli realleges the allegations contained in paragraphs # 1 through 270 above verbatim.

272.    Mr. Parsons owed a statutory duty under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., including 15 U.S.C. § 1681r, to Mr. Lolli to protect Mr. Lolli from the particular injuries and/or damages alleged to be suffered by Mr. Lolli herein.

273.    Mr. Parsons breached his aforementioned duty or duties to Mr. Lolli by his alleged conduct herein.

274.    Mr. Parsons' breach of his aforementioned duty or duties was the proximate cause of the herein alleged injuries or damages to Mr. Plaintiff.

275.    Mr. Lolli suffered injuries or damages caused by Mr. Parsons' breach of his aforementioned duty or duties.

276.    Mr. Parsons is liable to Mr. Lolli for negligence per se.

## VIII.   FIFTH CAUSE OF ACTION – Vicarious Liability

### (Against Experian, Jones Day, and the Law Partners)

277.   Mr. Lolli realleges the allegations contained in paragraphs # 1 through 276 above verbatim.

278.   Mr. Lolli's injuries and damages from Mr. Parsons' alleged conduct herein occurred while Mr. Parsons was in the course and scope of employment of Experian.

279.   Mr. Lolli's injuries and damages from Mr. Parsons' alleged conduct herein occurred while Mr. Parsons was in the course and scope of employment of Jones Day.

280.   Mr. Lolli's injuries and damages from Mr. Parsons' alleged conduct herein occurred while Mr. Parsons was in the course and scope of employment of the Law Partners.

281.   Mr. Lolli's injuries and damages were caused by conduct that Mr. Parsons would ordinarily do while working for Experian.

282.   Mr. Lolli's injuries and damages were caused by conduct that Mr. Parsons would ordinarily do while working for Jones Day.

283.   Mr. Lolli's injuries and damages were caused by conduct that Mr. Parsons would ordinarily do while working for the Law Partners.

284.   Experian benefited in some way from Mr. Parsons' alleged conduct herein that caused injuries and damages to Mr. Lolli; said benefits, including, but not limited to defending one or more lawsuits.

285.   Jones Day benefited in some way from Mr. Parsons' alleged conduct herein that caused injuries and damages to Mr. Lolli; said benefits, including, but not limited to attorney's fees for the time Mr. Parsons spent engaging in the conduct alleged herein.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 33 of 42

286.     The Law Partners benefited in some way from Mr. Parsons' alleged conduct herein that caused injuries and damages to Mr. Lolli; said benefits, including, but not limited to attorney's fees for the time Mr. Parsons spent engaging in the conduct alleged herein.

287.     Experian, Jones Day, and Law Partners are vicariously liable to Mr. Lolli for negligence for Mr. Parson's conduct.

288.     Experian is vicariously liable to Mr. Lolli for negligence for Mr. Parsons' alleged conduct.

289.     Jones Day is vicariously liable to Mr. Lolli for negligence for Mr. Parsons' alleged conduct.

290.     The Law Partners are vicariously liable to Mr. Lolli for negligence for Mr. Parsons' alleged conduct.

291.     Experian is vicariously liable to Mr. Lolli for negligence per se for Mr. Parsons' alleged conduct.

292.     Jones Day is vicariously liable to Mr. Lolli for negligence per se for Mr. Parsons' alleged conduct.

293.     The Law Partners are jointly and severally vicariously liable to Mr. Lolli for negligence per se for Mr. Parsons' alleged conduct.

### IX.     SIXTH CAUSE OF ACTION – Negligent Hiring

**(Against Experian, Jones Day, and the Law Partners)**

294.     Mr. Lolli realleges the allegations contained in paragraphs # 1 through 293 above verbatim.

295.     Upon information and belief, Mr. Parsons and Experian at all relevant times herein were in an employer-employee relationship.

296.     Upon information and belief, at all times relevant herein, Experian failed to uphold it responsibility and hired or retained Mr. Parsons who is unfit for the position of attorney, with knowledge of Mr. Parsons' unfitness for the position of attorney.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 34 of 42

297.  Upon information and belief, at all times relevant herein, Experian knew or should have known of Mr. Parsons' inability to competently fulfill the essential functions of attorney.

298.  Upon information and belief, at all times relevant herein, Experian knew or should have known that Mr. Parsons did not meet the ability to competently fulfill the essential functions of attorney, but still hired and/or kept Mr. Parsons employed as attorney.

299.  Experian is liable to Mr. Lolli for negligent hiring of Mr. Parsons.

300.  Upon information and belief, Mr. Parsons and Jones Day at all relevant times herein were in an employer-employee relationship.

301.  Upon information and belief, at all times relevant herein, Jones Day failed to uphold it responsibility and hired or retained Mr. Parsons who is unfit for the position of attorney, with knowledge of Mr. Parsons' unfitness for the position of attorney.

302.  Upon information and belief, at all times relevant herein, Jones Day knew or should have known of Mr. Parsons' inability to competently fulfill the essential functions of attorney.

303.  Upon information and belief, at all times relevant herein, Jones Day knew or should have known that Mr. Parsons did not meet the ability to competently fulfill the essential functions of attorney, but still hired and/or kept Mr. Parsons employed as attorney.

304.  Jones Day is liable to Mr. Lolli for negligent hiring of Mr. Parsons.

305.  Upon information and belief, Mr. Parsons and the Law Partners, and each of them, at all relevant times herein were in an employer-employee relationship.

306.  Upon information and belief, at all times relevant herein, the Law Partners, and each of them, failed to uphold it responsibility and hired or retained Mr. Parsons who is unfit for the position of attorney, with knowledge of Mr. Parsons' unfitness for the position of attorney.

307. Upon information and belief, at all times relevant herein, the Law Partners, and each of them, knew or should have known of Mr. Parsons' inability to competently fulfill the essential functions of attorney.

308. Upon information and belief, at all times relevant herein, the Law Partners, and each of them, knew or should have known that Mr. Parsons did not meet the ability to competently fulfill the essential functions of attorney, but still hired and/or kept Mr. Parsons employed as attorney.

309. The Law Partners, and each of them, are jointly and severally liable to Mr. Lolli for negligent hiring of Mr. Parsons.

## X.    SEVENTH CAUSE OF ACTION – Negligent Supervision and/or Retention

### (Against Experian, Jones Day, and the Law Partners)

310. Mr. Lolli realleges the allegations contained in paragraphs # 1 through 309 above verbatim.

311. Upon information and belief, Mr. Parsons and Experian at all relevant times herein were in an employer-employee relationship.

312. Upon information and belief, Mr. Parsons and Experian at all relevant times herein were in an employer-employee relationship via contractual retainer agreement for legal services.

313. Upon information and belief, Experian had actual or constructive knowledge of Mr. Parsons' propensity for the sort of behavior alleged herein that caused Mr. Lolli's harm alleged herein.

314. Upon information and belief, Experian knew or should have known that it had the ability to control Mr. Parsons and knew of the necessity and opportunity for exercising such control.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 36 of 42

315.  Upon information and belief, engaged in tortious conduct alleged herein using Experian's property or resources available to Mr. Parsons only through Parsons' status as an employee of Experian.

316.  At all relevant times herein, Experian owed a duty of care to Mr. Lolli, because Experian was a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), and maintained a consumer file, as defined by 15 U.S.C. § 1681a(g), on Mr. Lolli, a consumer, as defined by 15 U.S.C. § 1681a(c).

317.  Experian's duty of care to Mr. Lolli was assumed by Experian.

318.  Experian's duty of care to Mr. Lolli is statutory under the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*.

319.  Experian is liable to Mr. Lolli for negligent supervision and/or retention of Mr. Parsons.

320.  Upon information and belief, Mr. Parsons and Jones Day at all relevant times herein were in an employer-employee relationship.

321.  Upon information and belief, Mr. Parsons and Jones Day at all relevant times herein were in an employer-employee relationship via contractual employment and/or partnership agreement.

322.  Upon information and belief, Jones Day had actual or constructive knowledge of Mr. Parsons' propensity for the sort of behavior alleged herein that caused Mr. Lolli's harm alleged herein.

323.  Upon information and belief, Jones Day knew or should have known that it had the ability to control Mr. Parsons and knew of the necessity and opportunity for exercising such control.

324.    Upon information and belief, engaged in tortious conduct alleged herein on Jones Day's premises or using Jones Day's property or resources available to Mr. Parsons only through Parsons' status as an employee of Jones Day.

325.    At all relevant times herein, Jones Day owed a duty of care to Mr. Lolli.

326.    Jones Day's duty of care to Mr. Lolli was assumed by Jones Day.

327.    Jones Day is liable to Mr. Lolli for negligent supervision and/or retention of Mr. Parsons.

328.    Upon information and belief, Mr. Parsons and the Law Partners, and each of them, at all relevant times herein were in an employer-employee relationship.

329.    Upon information and belief, Mr. Parsons and the Law Partners, and each of them, at all relevant times herein were in an employer-employee relationship via contractual employment and/or partnership agreement.

330.    Upon information and belief, the Law Partners, and each of them, had actual or constructive knowledge of Mr. Parsons' propensity for the sort of behavior alleged herein that caused Mr. Lolli's harm alleged herein.

331.    Upon information and belief, the Law Partners, and each of them, knew or should have known that it had the ability to control Mr. Parsons and knew of the necessity and opportunity for exercising such control.

332.    Upon information and belief, engaged in tortious conduct alleged herein on the Law Partners', and each of their, premises or using the Law Partners', and each of their, property or resources available to Parsons only through Mr. Parsons' status as an employee of the Law Partners, and each of them.

333.    At all relevant times herein, the Law Partners, and each of them, owed a duty of care to Mr. Lolli.

Case 1:24-cv-00358-AMN-ML   Document 1-1   Filed 03/14/24   Page 38 of 42

334.    The Law Partners', and each of their, duty of care to Mr. Lolli was assumed by the Law
Partners, and each of them.

335.    The Law Partners are jointly and severally liable to Mr. Lolli for negligent supervision
and/or retention of Mr. Parsons.

## XI.    JURY TRIAL DEMAND

336.    Plaintiff demands a jury trial on all issues so triable on all causes of action herein.

## XII.    DEMAND FOR RELIEF

337.    WHEREFORE, Plaintiff demands entry of judgment in his favor and against the respective
named Defendants (parenthetically), to wit:

### FIRST CAUSE OF ACTION – Injunctive Relief

### (Against Mr. Parsons)

a.    A temporary restraining order enjoining Mr. Parsons from providing one or more
Dispute Letters from Experian's "file" for Mr. Lolli that contained confidential
personal information concerning Mr. Lolli from Experian to one or more persons not
authorized to receive that information;

b.    A preliminary injunction enjoining Mr. Parsons from providing one or more Dispute
Letters from Experian's "file" for Mr. Lolli that contained confidential personal
information concerning Mr. Lolli from Experian to one or more persons not
authorized to receive that information;

c.    A permanent injunction enjoining Mr. Parsons from providing one or more Dispute
Letters from Experian's "file" for Mr. Lolli that contained confidential personal
information concerning Mr. Lolli from Experian to one or more persons not
authorized to receive that information; and

d.   For such other and further relief as this Court deems just and proper;

## SECOND CAUSE OF ACTION – Declaratory Judgment

### (Against Experian, Jones Day, Mr. Parsons, and Law Partners)

e.   A judgment declaring the allegations in paragraphs 1 through 335 as truthful facts, respectively, including, but not limited to, the fact that Mr. Parsons was in violation of 15 U.S.C. § 1681r by providing one or more of Mr. Lolli's Dispute Letters from Experian's "file" for Mr. Lolli that contained confidential personal information concerning Mr. Lolli from Experian to one or more persons not authorized to receive that information on January 22, 2024; and

f.   For such other and further relief as this Court deems just and proper;

## THIRD CAUSE OF ACTION – Negligence

### (Against Mr. Parsons)

g.   Awarding Mr. Lolli actual and compensatory damages;

h.   Awarding Mr. Lolli punitive damages;

i.   Awarding Mr. Lolli pre-judgment and post-judgment interest; and

j.   For such other and further relief as the Court deems just and proper under the circumstances;

## FOURTH CAUSE OF ACTION – Negligence Per Se

### (Against Mr. Parsons)

k.   Awarding Mr. Lolli actual and compensatory damages;

l.   Awarding Mr. Lolli punitive damages;

m.   Awarding Mr. Lolli pre-judgment and post-judgment interest; and

n. For such other and further relief as the Court deems just and proper under the circumstances;

### FIFTH CAUSE OF ACTION – Vicarious Liability for Negligence/Negligence Per Se

**(Against Experian, Jones Day, and Law Partners)**

o. Enter an Order that Experian, Jones Day, and Law Partners are jointly and severally liable;

p. Awarding Mr. Lolli actual and compensatory damages;

q. Awarding Mr. Lolli punitive damages;

r. Awarding Mr. Lolli pre-judgment and post-judgment interest; and

s. For such other and further relief as the Court deems just and proper under the circumstances;

### SIXTH CAUSE OF ACTION – Negligent Hiring

**(Against Experian, Jones Day, and Law Partners)**

t. Enter an Order that Experian, Jones Day, and Law Partners are jointly and severally liable;

u. Awarding Mr. Lolli actual and compensatory damages;

v. Awarding Mr. Lolli punitive damages;

w. Awarding Mr. Lolli pre-judgment and post-judgment interest; and

x. For such other and further relief as the Court deems just and proper under the circumstances;

### SEVENTH CAUSE OF ACTION – Negligent Retention and/or Supervision

**(Against Experian, Jones Day, and Law Partners)**

y.  Enter an Order that Experian, Jones Day, and Law Partners are jointly and severally liable;

z.  Awarding Mr. Lolli actual and compensatory damages;

aa. Awarding Mr. Lolli punitive damages;

bb. Awarding Mr. Lolli pre-judgment and post-judgment interest; and

cc. For such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: New York, New York
       February 21, 2024

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ANTHONY N. LOLLI,<br><br>         Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. dba EXPERIAN, *et al.*<br><br>         Defendant. | Index No.<br><br>**PLAINTIFF'S VERIFICATION PURSUANT TO NY CPLR § 3020** |

I, ANTHONY N. LOLLI, swear, affirm, and declare under penalties of perjury and state:

1. I am the plaintiff in the above-entitled civil action;

2. I have read the foregoing **VERIFIED COMPLAINT AND JURY DEMAND** and know the contents thereof; and

3. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: February 21, 2024

*Anthony N. Lolli*

ANTHONY N. LOLLI